IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,                    ) | |
| ) | |
|                             **Plaintiff,**    ) | |
| ) | **CRIMINAL ACTION** |
| v.                                                                        ) | |
| ) | **No. 00-20181-01-KHV** |
| **ALFREDO FLORES,**                                   ) | |
| ) | |
|                             **Defendant.**  ) | |
| _____) | |

### ORDER

This matter is before the Court on defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (Doc. #77) filed August 26, 2005.

### Factual Background

On January 3, 2001, a grand jury returned a one-count indictment which charged Alfredo Flores with distribution of methamphetamine. See Superseding Indictment (Doc. #19). On March 1, 2001, defendant pled guilty. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #50). The Court sentenced defendant to 151 months imprisonment. See Judgment (Doc. #60) filed June 13, 2001.

On November 30, 2004, the Court overruled defendant's Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241(c)(3) And To Incorporate "A Coerced Guilty Plea" (Doc. #72), which the Court construed as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. See Order (Doc. #75). Defendant did not appeal or object to the Court's characterization of his petition for writ of habeas corpus.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may not file a second or successive motion pursuant to Section 2255 unless he first applies to the appropriate court of appeals for an order authorizing the district court to consider the motion. See 28 U.S.C. §§ 2244(b)(3), 2255; Coleman v. United States, 106 F.3d 339, 340 (10th Cir. 1997). If defendant files a second or successive motion without first seeking the required authorization, the district court must transfer the motion to the appellate court in the interest of justice pursuant to 28 U.S.C. § 1631. See id. at 341.

**IT IS THEREFORE ORDERED** that the Clerk shall forward a copy of defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (Doc. #77) filed August 26, 2005, along with a copy of this Order, to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3).[1]

Dated this 12th day of September, 2005, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] In the alternative, to the extent the Court cannot construe defendant's present motion as a second or successive Section 2255 motion because defendant styled his first motion as one to correct his sentence under Section 2241, defendant's present motion must be overruled as untimely. See 28 U.S.C. § 2255 (one-year limitations period from date judgment is final). Defendant has not alleged or shown any potential exception to the one-year limitations period.