IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 00-20181-01-KHV |
| ALFREDO FLORES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ORDER

This matter is before the Court on defendant's Motion For Relief From Judgment Pursuant To Federal Rules Of Civil Procedure 60(b) (Doc. #81) filed April 7, 2006. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On January 3, 2001, a grand jury returned a one-count indictment which charged Alfredo Flores with distribution of methamphetamine. See Superseding Indictment (Doc. #19). On March 1, 2001, defendant pled guilty. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #50). The Court sentenced defendant to 151 months in prison. See Judgment (Doc. #60) filed June 13, 2001.

On November 30, 2004, the Court overruled defendant's Petition For Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241(c)(3) And To Incorporate "A Coerced Guilty Plea" (Doc. #72), which the Court construed as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. See Order (Doc. #75). Defendant did not appeal or object to the Court's characterization of his petition for writ of habeas corpus.

On August 26, 2005, defendant filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (Doc. #77). On September 12, 2005, the Court forwarded a copy of defendant's motion to the Clerk of the Tenth Circuit Court of Appeals for processing under 28 U.S.C. § 2244(b)(3) as a second or successive petition under 28 U.S.C. § 2255. In the alternative, the Court ruled that defendant's motion was untimely under Section 2255 ¶ 6. The Tenth Circuit directed defendant to file a motion for permission to file a second or successive Section 2255 motion, but he did not file the requested motion. Accordingly, on December 9, 2005, without addressing this Court's alternative holding based on timeliness, the Tenth Circuit dismissed the case. See Order (Doc. #79).

In 2006, defendant filed in the Tenth Circuit Court of Appeals a motion for permission to file a second or successive petition under Section 2255. On March 14, 2006, the Tenth Circuit held that no authorization was necessary because defendant's original motion in 2004 should not have been construed as one under 28 U.S.C. § 2255.[1]

---

[1] Technically, under Castro v. United States, 540 U.S. 375 (2003), the Court should not have recharacterized defendant's motion filed in 2004 as a request for relief under Section 2255 without giving defendant notice. The purpose of providing notice is to give defendant an opportunity to withdraw the motion (in the event he wants to wait and combine the arguments with a subsequent motion) or to supplement it. When a defendant files a motion beyond the one-year period of limitation in 28 U.S.C. § 2255, however, notice makes little difference because the one-year limitation period, as calculated from the date on which defendant's conviction was final, effectively bars the vast majority of claims that a defendant may assert in an initial Section 2255 petition including the claim under United States v. Booker, 543 U.S. 220 (2005), which defendant raised in his motion filed in 2005. See United States v. Johnson, 159 Fed. Appx. 835, 839 (10th Cir. Dec. 14, 2005) (formality of not applying Section 2255's second or successive provision in case where district court recharacterized initial motion does not benefit defendant because one-year limitation period which applies to initial petitions bars Booker claim). Whether the Court construed defendant's motion filed in 2005 based on Booker as a second or successive motion or as an
(continued...)

## Analysis

Defendant asks the Court to vacate its order which transferred his Section 2255 motion to the Tenth Circuit and to allow him to supplement his motion. Defendant seeks relief under Rule 60(b), Fed. R. Civ. P., but the Clerk did not enter judgment in the civil case accompanying his Section 2255 motion filed in 2005. Instead, the Clerk closed the case after this Court transferred defendant's motion to the Tenth Circuit. Defendant did not file a motion as required by the Tenth Circuit so it dismissed the matter.[2] Accordingly, this Court declines to reopen the prior civil case. The Tenth Circuit has not directed this Court to reinstate defendant's Section 2255 motion filed in 2005 and such a ruling would appear to contradict the Tenth Circuit's order which dismissed the matter. See Order (Doc. #79).

To the extent that defendant asks the Court to consider the issues raised in his Section 2255 motion filed in 2005, defendant must file a new Section 2255 motion. To the extent defendant attempts to supplement his previous motion, he should explain why he did not previously raise such issues.

**IT IS THEREFORE ORDERED** that defendant's Motion For Relief From Judgment Pursuant To Federal Rules Of Civil Procedure 60(b) (Doc. #81) filed April 7, 2006 be and hereby is **OVERRULED**.

---

[1](...continued)
untimely initial motion, defendant faced essentially the same legal hurdle. Compare Section 2255 ¶ 6(3) (one-year period of limitation runs from date on which right asserted was initially recognized by Supreme Court if that right has been newly recognized by Supreme Court and made retroactively applicable to cases on collateral review) with Section 2255 ¶ 8(2) (litigant must obtain authorization to file second or successive petition by showing new rule of constitutional law, made retroactive to cases on collateral review by Supreme Court, that was previously unavailable).

[2] The Tenth Circuit did not address this Court's alternative ruling that defendant's motion filed in 2005 was untimely.


Dated this 1st day of June, 2006, at Kansas City, Kansas.

                                            s/ Kathryn H. Vratil
                                            KATHRYN H. VRATIL
                                            United States District Judge